UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:08CV43 CDP |
| ) | |
| CHARLES LAVALLE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Monsanto Company has brought suit against defendant Charles LaValle, alleging breach of contract and patent infringement. LaValle, a resident of New Madrid County, Missouri, has moved for a change of divisional venue, seeking to have this case transferred to the Southeastern Division of this Court.

Monsanto opposes LaValle's motion for a change of venue, and points to the forum selection clause that is a part of the parties' 2001 contractual agreement. That clause reads as follows:

> THIS AGREEMENT IS GOVERNED BY THE LAWS OF THE STATE OF MISSOURI AND THE UNITED STATES (OTHER THAN CHOICE OF LAW RULES). EXCEPT FOR GROWER CLAIMS RELATED TO COTTON, WHICH MUST BE ARBITRATED AS SPECIFIED ABOVE UNDER "BINDING ARBITRATION," THE PARTIES CONSENT TO THE EXCLUSIVE JURISDICTION AND VENUE OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION, AND THE CIRCUIT COURT

OF THE COUNTY OF ST. LOUIS, STATE OF MISSOURI, FOR
ALL DISPUTES ARISING OUT OF OR CONNECTED IN ANY
WAY WITH THE USE OF THE SEED OR THE TECHNOLOGIES
AS PROVIDED THROUGH THIS AGREEMENT OR ITS
RELATED PARTS.

LaValle challenges the enforceability of the forum selection clause. LaValle argues that, because the agreement between the parties terminated the moment LaValle purportedly breached it, the forum selection clause is no longer in effect. Alternatively, LaValle argues that, according to the terms of the clause, he should have the right to choose to have the case heard in the Missouri Circuit Court for the County of St. Louis.

The forum selection clause in this case has been held enforceable by this Court on numerous occasions. *See Monsanto Company v. Trivette*, 2007 WL 1385689 (E.D. Mo. May 8, 2007); *Monsanto Company v. Swann*, 2001 WL 34053250 (E.D. Mo. Sept. 25, 2001) (citing cases). Additionally, LaValle's argument that this case should be heard in state court is without merit, as that court has no jurisdiction to hear plaintiff's patent claims. *See* 28 U.S.C. § 1338(a). In accordance with the previous decisions of this Court, and for the reasons stated in the defendant's briefs, LaValle's motion to transfer venue will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion [#13] to transfer venue is DENIED. This case will be set for Rule 16 conference by a separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of April, 2008.